CARROLL *v.* EMPLOYERS LIABILITY ASSURANCE CORP., LTD., OF LONDON, ENG.

(Decided November 9, 1933.)

*Mr. Harry J. Koehler, Jr.,* for plaintiff in error.

*Messrs. Andrews, Rogers & Scott,* for defendant in error.

Ross, J. This case is presented to the court on error from the Court of Common Pleas of Butler county, wherein judgment was rendered against the defendant, Frances Carroll, plaintiff in error in this cause.

There is no bill of exceptions, and this court is therefore confined to the original papers filed herein and the transcript of the docket and journal entries for such facts as may be necessary to a determination of the assignments of error presented.

The error claimed is that the trial court proceeded to enter judgment against a minor, who, though served with summons, had had no guardian *ad litem* appointed before such service.

The case was tried first against the minor, Frances Carroll, without service of summons upon her. A guardian *ad litem* was appointed for her just prior to the conclusion of this first trial, and judgment was entered upon a verdict pronounced against her. This judgment was vacated. The entry appointing such guardian *ad litem* at the first trial was made upon the 26th day of September, 1930, and it is recited therein that she was at that time 19 years of age. She was

legally served with summons upon the 18th day of March, 1931, when she was still a minor. An answer was filed by the guardian *ad litem* on September 26, 1930, but no answer was filed by her or for her after service upon her.

The transcript shows that on April 3, 1933, counsel were notified that the date of hearing would be May 4, 1933, so that the trial of the cause was, at least, later than this date. The judgment was entered September 12, 1933, and recites that a motion for a new trial had been filed by Frances Carroll and was overruled.

Granting that Frances Carroll was just 19 years of age upon the date of the entry appointing a guardian *ad litem* for her September 26, 1930, she at least became of age September 26, 1932, before the trial and before verdict and judgment. The appointment of the guardian *ad litem* and the filing of the answer before service upon the minor were nullities and conferred no jurisdiction upon the court. *Paulin* v. *Sparrow,* 91 Ohio St., 279, 110 N. E., 528. The later valid service gave the court jurisdiction of the person of the minor.

In the absence of a bill of exceptions we are unable to say what took place at the trial.

The court, according to the findings noted, could not appoint a guardian, for she was of age. While a motion was later filed seeking to set aside the second judgment because of minority, we cannot take the allegations of such motion as true, especially in view of the former unimpeached finding of the court as to her age.

The presumption is in favor of the validity of the judgment.

"Where it does not otherwise affirmatively appear from the record, it will be presumed that a court of general jurisdiction regularly acquired and lawfully exercised its jurisdiction over the parties." *Paulin* v. *Sparrow, supra.* See, also, *Lessee of Moore* v. *Starks,*

1 Ohio St., 369, and *Kingsborough* v. *Tousley,* 56 Ohio St., 450, 47 N. E., 541.

A conclusion similar to our own and upon facts much the same, was reached in *Hobert* v. *Francis,* 40 Ohio App., 491, 178 N. E., 715, 10 Ohio Law Abs., 346, a decision by the Court of Appeals of the Sixth Appellate District.

We are unable to determine from what has been presented to us that error, prejudicial to the rights of the plaintiff in error, has intervened.

The judgment is affirmed.

*Judgment affirmed.*

HAMILTON, P. J., concurs.